**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 24-7009**

────────────

BEATRICE V. JOHNSON, individually and as personal representative of the Estate of Paul Antione Johnson,

            Plaintiff - Appellant,

      v.

TANYA ADAMS; JOYCE RICE; JANET WHITE; HENRY WILLIAMS, LPN,

            Defendants - Appellees.

────────────

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Bruce H. Hendricks, District Judge.  (5:22-cv-02129-BHH)

────────────

Submitted:  December 2, 2025                    Decided:  March 4, 2026

────────────

Before AGEE and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

────────────

Affirmed by unpublished per curiam opinion.

────────────

**ON BRIEF:**  Jordan C. Calloway, Rock Hill, South Carolina, Whitney B. Harrison, MCGOWAN, HOOD, FELDER & PHILLIPS, LLC, Columbia, South Carolina, for Appellant.  James G. Long III, Amelia S. Waring, MAYNARD NEXSEN PC, Columbia, South Carolina, for Appellee Henry Williams, LPN.  Michael D. Freeman Sr., GRIFFITH, FREEMAN & LIIPFERT, LLC, Beaufort, South Carolina, for Appellees Tanya Adams, Joyce Rice, and Janet White.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal stems from Paul Johnson's untimely death while he was incarcerated at the Colleton County Detention Center (CCDC) as a pretrial detainee. Johnson was arrested and booked into CCDC on July 11, 2019. On July 17, 2019, he experienced a medical emergency and was rushed to a nearby hospital. His health rapidly deteriorated and he passed away on July 19.

Following Johnson's death, his mother sued various CCDC employees under 42 U.S.C. § 1983, alleging deliberate indifference to her son's medical needs in violation of the Fourteenth Amendment. In particular, she criticized their management of her son's diabetes. Ms. Johnson named as defendants CCDC employees Tanya Adams, Joyce Rice, and Janet White (collectively, the "CCDC Defendants") and Henry Williams, LPN, a nurse who cared for her son during the relevant timeframe but was the employee of a private medical contractor to CCDC. After discovery, Williams and the CCDC Defendants moved for summary judgment. Although their specific rationales sometimes differed, they argued that (1) they were not deliberately indifferent to Johnson's serious medical needs, and (2) in any event, they were entitled to qualified immunity. Their motions were referred to a magistrate judge, who recommended they be granted in full. The district court ultimately adopted that recommendation over Ms. Johnson's objections. We affirm.

"We review a district court's decision to grant summary judgment de novo." *United States v. 8.929 Acres of Land in Arlington Cnty.*, 36 F.4th 240, 252 (4th Cir. 2022). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

2

Civ. P. 56(a).  "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor."  *8.929 Acres of Land*, 36 F.4th at 252 (citation modified).  To survive summary judgment on her deliberate indifference claims, Ms. Johnson must show

> that (1) [Johnson] had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant[s] intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant[s] knew or should have known (a) that [Johnson] had that condition and (b) that the defendant[s'] action or inaction posed an unjustifiably high risk of harm; and (4) as a result, [Johnson] was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).

As to her claim against Williams, Ms. Johnson fails to raise a genuine dispute of material fact under the third element.  Ms. Johnson points to three factual contentions in support of her argument that Williams should have known Johnson had a serious medical condition and that his actions posed an unjustifiably high risk of harm: (1) an "order" that Johnson have his blood sugar tested three times each day; (2) Johnson's purported deterioration from July 11 through the morning of July 17; and (3) Johnson's condition on the morning and through the early afternoon of July 17.  We address each in turn, and conclude that Ms. Johnson does not identify any reversible error in this case.

First, Ms. Johnson points to an "Admission Data/History and Physical Form," completed by medical staff, that bears a handwritten notation stating, "BS x 3 times a day." J.A. 123.  However, we do not consider the merits of this point because she did not raise this argument with sufficient specificity before the district court.  "If a party wishes to preserve an argument for appeal, the party must press and not merely intimate the argument

3

during the proceedings before the district court." *CoreTel Va., LLC v. Verizon Va., LLC*, 808 F.3d 978, 988 (4th Cir. 2015) (citation modified).  "In other words, the party must raise the argument in a manner sufficient 'to alert the district court to the specific reason' the party seeks relief."  *Id.* (quoting *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012)).  Ms. Johnson's two fleeting references to a "determination made on the medical record that as a diabetic, [Johnson's] BS levels needed to be checked three (3) times a day," J.A. 1033; J.A. 727 n.2, cannot preserve her broader, new argument on appeal that a genuine dispute exists as to whether Williams "ignor[ed] a physician's order for thrice-daily blood sugar tests," Opening Br. at 30.* We consider this argument waived.

Moving on to Johnson's alleged deterioration between July 11th and 17th, there is no evidence that Williams should have been aware of a serious medical condition affecting the decedent.  During this time frame, Johnson was under near-constant observation by CCDC staff and never made a single complaint about his health.  The record is replete with observations of Johnson and recorded interactions with Johnson during the relevant period. *See* J.A. 114, 120–138, 245–48, 280–88, 319–41.  Moreover, Williams was not working on July 15 and 16 (the two days prior to Johnson's medical emergency), further

---

* Ms. Johnson more thoroughly pressed a different argument before the district court on a similar issue, which was that Williams ignored a medical *standard of care* (rather than a physician's order) dictating that diabetic inmates should receive blood sugar assessments three times per day.  But this dispute is not material.  Even if a genuine question exists as to the standard of care, Williams' failure to conduct checks with this frequency could only sustain a finding of negligence—not deliberate indifference.  Such "a deviation from the accepted standard of care, standing alone . . . is insufficient to clear the high bar of a constitutional claim." *Jackson v. Lightsey*, 775 F.3d 170, 179 (4th Cir. 2014) (citation modified).  "Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

undermining the notion he should have been aware of a serious medical condition. Insofar as Ms. Johnson claims Johnson was skipping meals, the record shows that Johnson missed only one meal during that period (not the multiple claimed by Ms. Johnson) on a day Williams was not even present. Williams' failure to act in these circumstances does not meet the high bar required to establish deliberately indifferent conduct. *See Short*, 87 F.4th at 611. Finally, the proffered evidence of Johnson's apparent "different look" and general lethargic appearance provides only mere "speculation" that Johnson exhibited signs of a serious medical need during this time, which cannot sustain a "reasonable inference" that Williams should have known Johnson was suffering from a serious medical condition. *See Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021).

The final factual contention Ms. Johnson points to in support of her deliberate indifference claim against Williams relates to the events of July 17. In particular, she cites Williams' response to Johnson's (1) breathing troubles, (2) inability to walk to his breathing treatment, (3) incoherent and confusing answers at his mental health visit and blood sugar reading of 245, and (4) general lethargy. But once again, none of these—either independently or taken together—are sufficient to show that Williams was deliberately indifferent to Johnson's serious medical needs. Williams' actions throughout the day of July 17 were both objectively reasonable and consistent with the supervising physician's recommendations. The record shows Williams monitored Johnson's breathing troubles and ordered breathing treatment. Such conduct hardly constitutes, at minimum, the sort of "reckless" conduct required for a deliberate indifference claim. *Short*, 87 F.4th at 611. Though he did not further explore Johnson's inability to walk to his breathing treatment,

Johnson did not exhibit this health problem again after completion of the breathing treatment. And Williams followed the directives of the physician and mental health provider after Johnson's behavior during his mental health visit and his blood sugar reading of 245. Ms. Johnson's "mere difference of opinion" with the medical staff's "sound professional judgment" cannot "give rise to a[ constitutional] violation." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (evaluating deliberate indifference under the Eighth Amendment); *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (explaining that a pretrial detainee establishes a violation of his Fourteenth Amendment rights where he shows deliberate indifference under precedent interpreting the Eighth Amendment). And again, Williams' failure to administer prompt medical intervention in response to mere general lethargy cannot sustain a finding that he was indifferent to a serious medical need. For these reasons, Ms. Johnson has failed to raise a genuine dispute as to whether Williams' actions met the high bar of deliberate indifference. We accordingly need not reach the question of whether Williams had qualified immunity from civil suit.

Finally, we affirm the district court's grant of summary judgment for the CCDC Defendants because Ms. Johnson has failed to preserve the arguments she now raises against those Defendants on appeal. Presently, Ms. Johnson contends that the CCDC employees were deliberately indifferent to Johnson's serious medical needs by failing to adequately communicate with medical personnel about Johnson's deteriorating condition. However, she failed to raise this argument before either the magistrate judge or district court, and therefore this argument is procedurally barred on appeal. Ms. Johnson raises no

other argument urging reversal of the lower court's grant of summary judgment as to her claims against the CCDC Defendants.  The judgment of the trial court is

*AFFIRMED.*